■ Louis C. Ostrer, Respondent, v. American Mayflower Life Insurance Company of New York, Appellant.— Order entered July 12, 1967 denying defendant's motion to dismiss the amended complaint unanimously reversed, on the law, with $50 costs and disbursements to the defendant, and the motion is granted. The complaint, in essence, seeks recovery for damages which plaintiff alleges he suffered as the result of the defendant's refusal to issue policies of insurance to members of the Friars Club. It is alleged that defendant led the plaintiff to believe that the policies would be issued. In dismissing the original complaint the court stated that if plaintiff does have a cause in defamation he may plead over within 20 days. Apparently, plaintiff, in this amended complaint is trying to bring himself within the scope of that decision. The amended complaint seems to indicate that plaintiff is trying to proceed

either on some theory of contractual obligation, or he is attempting to come within some form of defamation. If the theory of the action be in contract the complaint must fall since it fails to establish any contractual duty running to the plaintiff. Indeed, no binding contract at all is alleged. If the complaint be based upon some area of defamation law, it likewise must fall. The complaint cannot in any manner be construed as alleging anything done or said by the defendant which would tend to defame plaintiff. Indeed, a most liberal reading of the complaint merely leads us to the conclusion that plaintiff might have suffered embarrassment as the result of the alleged failure of the defendant to issue the policies in accordance with the promise asserted. Of course, there is no cause of action for embarrassment. In any event, even if the complaint could be construed as alleging some cause of action in defamation, it must be dismissed since it fails to allege special damages. (*Morrison* v. *National Broadcasting Co.*, 19 N Y 2d 453.) Concur — Stevens, J. P., Steuer, Capozzoli, McGivern and Rabin, JJ.